# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CASE NO.  3:21-CV-00526

| | |
|---|---|
| BORY RYAN INVESTMENT LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | **COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff, Bory Ryan Investment LLC ("Bory Ryan"), alleges as follows against Defendant Bank of America, N.A. ("BOA" or "Defendant"):

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Bory Ryan is a Delaware Limited Liability Company whose sole member is located in the People's Republic of China.

2.      Defendant BOA is a national banking association with its main office in North Carolina and may be served with process at 100 N Tryon St., Charlotte, North Carolina 28202. Because BOA's main office is located in North Carolina, it is a citizen of North Carolina for the purposes of diversity jurisdiction.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court under 28 U.S.C. § 1391, because BOA resides in the district, a substantial part of the events or omissions giving rise to the claim occurred in this district, and the property that is the subject of the action is situated in this district.

## FACTUAL ALLEGATIONS

5. On July 22, 2020, Bory Ryan opened a checking account (ending in 6054) with BOA and shortly thereafter wired approximately $680,000 into the account.

6. These funds were to be used to invest in an Initial Public Offering ("IPO") for Hitek Global Inc. ("Hitek Global"). As a result, shortly after the money was transferred into the account, Bory Ryan transferred majority of the balance to View Trade Securities, its brokerage firm, in anticipation of the IPO.

7. However, the Hitek Global IPO was postponed, and Bory Ryan had the funds transferred from View Trade Securities back into its account at BOA.

8. Because the Hitek Global IPO was postponed, Bory Ryan decided to invest in a different IPO for Oriental Holding Group, Ltd. ("OCG"). To do so, Bory Ryan opened a brokerage account with US Tiger Securities, Inc.

9. In December of 2020, Bory Ryan invested $625,000 into OCG through US Tiger Securities, Inc., transferring the funds from its BOA account.

10. The OCG IPO was successful, and Bory Ryan received a 20% gain, along with its initial investment (in total approximately $750,000), which was then wired back into its BOA account.

11.     In January 2021, Bory Ryan entered into an agreement with Recon Technology Ltd. ("Recon"). Pursuant to that agreement, between January 13-19, 2021, Recon transferred approximately $5 million into Bory Ryan's checking account.

12.     Pursuant to the agreement between Bory Ryan and Recon, upon information and belief, on January 14, 2021, Bory Ryan transferred approximately $1 million out of its account to invest into a private company.

13.     On February 5, 2021, Bory Ryan discovered that BOA was preventing it from accessing its online bank account when it attempted to login.

14.     BOA provided Bory Ryan with no prior notice or any information about why it was unable to access its online account.

15.     BOA has no legal basis for freezing or withholding Bory Ryan's funds, which are legally-owned and were being used for lawful purposes.

16.     Bory Ryan's Sole Member contacted BOA's customer service line to inquire why they could no longer access the account and was instructed by BOA that the account was in the process of closing and that the funds would be sent to them via check.

17.     On April 13, 2021, Bory Ryan received notice from BOA instructing it that BOA had closed its account and that the funds in the account, at this time approximately $4 million, would not be returned pending an internal review of the transactions and validation of the source of the funds.

18.     Over the course of the next few months, Bory Ryan made several attempts to contact BOA regarding the status of the account and Bory Ryan's funds, including:

     a.  Calling the contact number provided on the notice, which, on several occasions, was either disconnected and would go to a dial tone, or would hang up;

     b.  Calling BOA's customer service line and being transferred to different departments that gave competing instructions on how to submit documentation to access the account; and,

     c.  Being instructed that Bory Ryan would have to make an appointment at a BOA financial services center to discuss the account.

19.     On August 5, 2021, unable to resolve the issue through BOA's customer service lines, Bory Ryan met with David Wallace, BOA's Financial Center Manager for its 100 N Tryon St. branch, to discuss the circumstances of the account closing and the status of the frozen funds.

20.     BOA, through its agent David Wallace, was unable to provide any information regarding the status of Bory Ryan's funds or any timeframe that Bory Ryan's funds would be returned.

21.     On August 19, 2021, per BOA's instruction Bory Ryan contacted the service line listed on the April 13 letter. BOA informed Bory Ryan that the funds remain on hold and were unable to provide any information on how to get the funds

4

released, a timeline of when the funds would be returned, or any information about BOA's process in reviewing accounts or making determinations regarding the status of the account.

22.    Because BOA has frozen all of Bory Ryan's funds and refuses to participate in the process of releasing the funds, Bory Ryan is unable to use its own money to conduct business or to fulfill its contractual obligations.

23.    As a direct result of BOA's misconduct, Bory Ryan has been harmed in an amount to be proven at trial, but in any event, no less than $4 million.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION – ACCOUNTING

24.    Bory Ryan repeats and realleges the preceding allegations as if fully set forth herein.

25.    BOA, at all relevant times, maintains complete control and exclusive possession of the books, records, and all funds belonging to Bory Ryan which Bory Ryan deposited into its account.

26.    Bory Ryan has made multiple requests for an update regarding the status of the funds that BOA has unlawfully frozen and refuses to return.

27.    BOA has not provided any information regarding the frozen funds or the status of the account.

28.    As such, Bory Ryan requests that BOA file a formal accounting of all funds deposited to the account.

5

## SECOND CAUSE OF ACTION – DECLARATORY RELIEF

29.     Bory Ryan repeats and realleges the preceding allegations as if fully set forth herein.

30.     Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57, this Court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be claimed. Such declarations shall have the force and effect of a final judgment or decree.

31.     An actual and real controversy exists between Bory Ryan and BOA, as BOA has unlawfully frozen funds completely and legally owned by Bory Ryan and refuses to return the funds to Bory Ryan.

32.     Speedy relief is required because while BOA withholds Bory Ryan's funds for an indeterminate amount of time, Bory Ryan is unable to invest or otherwise use its own money for its own purposes and cannot fulfill its contractual obligations to third parties.

33.     There is complete diversity between the parties such that this Court has an independent basis for jurisdiction and exercise of the Court's discretion will clarify and settle the legal relations in issue and will afford relief by returning to Bory Ryan its legal funds that are being withheld by BOA.

34.     As such, Bory Ryan seeks a judgment declaring that: (a) the funds deposited into Bory Ryan's BOA checking account belong and are the property of Bory Ryan; (b) Bory Ryan's funds shall be immediately returned to Bory Ryan; (c) or in the

6

alternative, that BOA must deposit the funds to the Clerk of this Court until and when the Court is able to make such determination regarding the ownership of the funds.

THIRD CAUSE OF ACTION –
UNFAIR AND DECEPTIVE TRADE PRACTICES (N.C. Gen. Stat. § 75-1.1)

35.     Bory Ryan repeats and realleges the preceding allegations as if fully set forth herein.

36.     BOA engaged in unfair and/or deceptive acts and trade practices in several ways, including but not limited to: not providing any notice to Bory Ryan before denying it access to its account, closing its account and freezing its funds; providing a contact number with its notice that was often times inoperable; refusing to communicate any information regarding the status of the account or the timeframe that BOA intended to hold the funds; and refusing to return Bory Ryan's funds to Bory Ryan.

37.     BOA's unfair and/or deceptive acts described above were in or affecting commerce.

38.     BOA's unfair and/or deceptive acts that were in or affecting commerce proximately caused actual injury to Bory Ryan, as BOA has failed to return Bory Ryan's funds and continues to hold the funds indefinitely, preventing Bory Ryan from conducting its business and fulfilling its obligations to third parties, and in other ways to be proven at trial.

39.     As a direct and proximate result of BOA's conduct, Bory Ryan has been damaged in an amount to be proven at trial, but no less than $4 million in actual

damages, plus treble damages, attorneys' fees, and expenses reasonably incurred as part of the litigation.

## FOURTH CAUSE OF ACTION – CONVERSION

40.     Bory Ryan repeats and realleges the preceding allegations as if fully set forth herein.

41.     Bory Ryan is the rightful owner of the funds deposited into its account, and the total amount of money deposited is capable of being identified and described.

42.     Bory Ryan has requested that BOA return its funds, but BOA has failed and refused to return the funds – assuming and exercising complete control and ownership over Bory Ryan's funds.

43.     BOA has wrongfully deprived Bory Ryan of its access and ownership of its funds, regardless of whether BOA has derived any benefit from the act.

44.     As a direct and proximate result of BOA's conduct, Bory Ryan has been damaged in an amount to be proven at trial, but in any event no less than $4 million.

## FIFTH CAUSE OF ACTION – NEGLIGENCE

45.     Bory Ryan repeats and realleges the preceding allegations as if fully set forth herein.

46.     As the fiduciary to which Bory Ryan entrusted its funds, BOA has a legal duty to Bory Ryan to, among other things, provide Bory Ryan with its own funds, not unlawfully withhold Bory Ryan's funds, and to communicate with Bory Ryan regarding the status of its funds.

47.    BOA breached that duty by failing to return Bory Ryan's, unlawfully freezing and closing Bory Ryan's account without any notice, freezing Bory Ryan's funds, and refusing to return Bory Ryan's funds.

48.    The foregoing negligence harmed Bory Ryan in an amount to be proved at trial, but in any event no less than $4 million.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

a.  That BOA conduct and file a formal accounting of all funds provided by Bory Ryan for the purposes discussed herein.

b.  That the Court order BOA to remit to Bory Ryan all the funds owed to Bory Ryan presently in its possession or, in the alternative, that the Court order BOA to remit the funds to the Clerk of this Court until this matter is adjudicated.

c.  That BOA is held responsible for any judgment entered in this action.

d.  That Bory Ryan be awarded all damages, including actual and punitive, as permitted by law in an amount to be proven at trial, but in any event, no less than $4 million.

e.  That Bory Ryan be awarded treble damages and attorneys' fees as permitted by N.C. Gen. Stat. § 75-1.1.

f.  That Bory Ryan receive costs and attorneys' fees as permitted by law.

g.  That a jury trial be had on all issues so triable.

h.  That the Court award other and further relief as it deems just and proper.

This the 1st day of October, 2021.

/s/ William R. Terpening
William R. Terpening
N.C. Bar 36418
Tomi Suzuki
N.C. Bar 55561

**TERPENING LAW PLLC**
221 W. 11th Street
Charlotte, NC 28202
terpening@terpeninglaw.com
(980) 265-1700

*Counsel for Plaintiff*